IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA M. PROANO,

     Plaintiff,

vs.                                                                                              2:18-cv-00612-KRS

ANDREW SAUL, Commissioner
of the Social Security Administration,

     Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 26), filed June 3, 2019. Having reviewed the motion, Defendant's Response in Opposition (Doc. 27), and Plaintiff's subsequent Reply (Doc. 28), the Court FINDS and CONCLUDES that Plaintiff's motion should be granted as set forth below.

The EAJA was enacted on the premise that some individuals "may be deterred from seeking review of…unreasonable governmental action" due to the resource and expertise disparity between these individuals and the government. H.R. Rep. 96-1148, p. 5. To reduce these deterrents, the Act permits certain prevailing parties to recover attorney fees and other expenses unless the government can establish that its position was substantially justified or the Court finds that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant asks the Court to deny Plaintiff's motion on the latter ground arguing, in sum, that Plaintiff's attorney failed to present pertinent evidence during the agency proceedings. (Doc. 27). The Court is not swayed by Defendant's argument.

In 2014, Plaintiff filed applications for Social Security disability benefits, alleging that she had been disabled since April 1, 2013, due to hypoglycemia, obsessive compulsive disorder, and a learning disability. (AR 261, 265). Following an unfavorable decision issued by Administrative Law Judge ("ALJ") Frederick Upshall on April 27, 2017, (AR 32-52), Plaintiff asked the Appeals Council to review her claim. In connection with her request for review, Plaintiff submitted additional evidence including treatment notes from Presbyterian Medical Services and a Medical Assessment of Ability to do Work-Related Activities (Mental) completed by Dr. Steven K. Baum. (AR 10, 16). On February 6, 2018, the Appeals Council denied Plaintiff's request, finding that the evidence did not relate to the period at issue. (AR 9-10). Upon denial, ALJ Upshall's decision became the final decision of the Commissioner.

On April 5, 2018, Plaintiff submitted to the Appeals Council a request to reopen along with a report, authored by Dr. Baum, which detailed the results of psychological tests the doctor administered in 2017 and 2018. (AR 7). Again, the Council determined that the evidence did not relate to the relevant timeframe and it declined to reopen Plaintiff's claim. (*Id.*).

On December 20, 2018, Plaintiff filed a Motion to Reverse and Remand the Commissioner's determination, arguing that (1) the Appeals Council improperly rejected new, material, and chronologically pertinent evidence; (2) the ALJ improperly weighed the opinion of examining psychologist Randall Rattan, Ph.D.; (3) the ALJ improperly rejected the assessments of treating provider, Troy Hill, LMFT; and (4) the ALJ failed to support his step five finding with substantial evidence. *See* Doc. 20.

On February 25, 2019, Defendant filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 22). In support of his motion, Defendant explained that "remand for further proceedings is warranted." *Id.* at 1. Accordingly, on March 4, 2019, the

Court entered an order of reversal and remand (Doc. 23) and entered a judgment in favor of Plaintiff (Doc. 24).

As the prevailing party in the civil action, Plaintiff filed the instant motion requesting EAJA fees in the amount of $5,433.80. Defendant argues, however, that Plaintiff's attorney should not be rewarded for his lack of diligence during the administrative proceedings. In support, Defendant explains that because Plaintiff did not submit Dr. Baum's report while her claim was still pending before the Appeals Council, "it is not entirely clear" whether the evidence "could have supported a remand on the merits." (Doc. 27, p. 3). Defendant adds that "[p]erhaps had the Appeals Council had Dr. Baum's report, the outcome, or at least the Appeals Council's discussion, would have been different." (Doc. 27, p. 5). Defendant's argument is without merit.

As an initial matter, Defendant does not allege that Dr. Baum's report had any impact on his decision to voluntarily remand Plaintiff's claim for further proceedings. In fact, Defendant's Unopposed Motion for Remand does not provide any explanation as to why further proceedings were necessary. To this end, Defendant's voluntary remand may have been based on any one of Plaintiff's four arguments or an alternate error Defendant discovered during litigation. Moreover, the Appeals Council considered Dr. Baum's report in conjunction with Plaintiff's request to reopen and determined that it did not pertain to the relevant timeframe. The Court cannot discern what argument Defendant is attempting to make by averring that the Appeals Council's discussion and/or decision *might* have been different if the Council had the report prior to the close of proceedings. Regardless, Defendant has not alleged any equitable considerations which would trigger the EAJA's special circumstances provision. *See, e.g.*, *Scarborough v. Principi*, 541 U.S. 401, 423 (2004).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 26) is **GRANTED** and **Plaintiff is awarded $5,433.80 in attorney fees** pursuant to the EAJA, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

Payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The EAJA award is without prejudice to Plaintiff's attorney's right to seek attorney fees pursuant to 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE